IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HONGLINH HUYNH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. _____ |
| v. | § | |
| | § | |
| HARRIS HEALTH SYSTEMS a/k/a | § | |
| HARRIS COUNTY HOSPITAL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff HongLinh Huynh, by and through her counsel, and for Complaint against Defendant Harris Health Systems a/k/a Harris County Hospital District, states as follows:

## PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, HongLinh Huynh has resided at 2201 Fountainview #F48, Houston, Texas, 77057 and is a citizen of the State of Texas.

2. At all times relevant hereto, Defendant Harris Health Systems a/k/a Harris County Hospital District, a corporation licensed and doing business in the State of Texas, is and at all times mentioned herein was an employer within the meaning of the Family Medical Leave Act (FMLA). Defendant may be served with process by serving its Harris County Attorney's Office, Managing Attorney, Mercedes Leal, 2525 Holly Hall, Ste. 190, Houston, Texas 77054.

3. This Court has jurisdiction over this matter as this matter involves a federal question based upon the Family Medical Leave Act.

4. Venue is proper in this district pursuant to 28 U.S.C.§1391(b)(1) and (b)(2) because this is the District and Division in which Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## FAMILY MEDICAL LEAVE ACT

5. Plaintiff, HongLinh Huynh, is a qualified individual within the meaning of the Family Medical Leave Act ("FMLA").

6. Plaintiff is a full-time employee whom Defendant has employed for more than one year.

7. On or about March 11, 2002, Defendant hired Plaintiff as a Staff Pharmacist.

8. On or about May 23, 2012, Plaintiff submitted a Certification of Health Care Provider for Medical Leave, attached hereto and referenced herein as *Exhibit "A"*.

9. On or about May 25, 2012, Defendant approved Plaintiff's request for FMLA leave and provided notice of same, attached hereto and referenced herein as *Exhibit "B"*.

10. Plaintiff's FMLA leave expired on June 3, 2012, and she returned to work.

11. On June 7, 2012, Defendant notified Plaintiff that her shift was being changed to the 2:00 pm to 10:30 pm shift and provided notice of same, attached hereto and referenced herein as *Exhibit "C"*. Plaintiff's shift had consistently been from 8:15 am to 5:00 pm or 8:30 am to 5:30 pm since her date of hire in 2002.

12. As a result of the sudden shift change, Plaintiff immediately began experiencing physical and mental complications due to the disruption of her normal daily routine and sleep cycle. Plaintiff's complications included chest pains, nausea, depression, loss of appetite, and weight loss according to her treating physician Dr. Nghia Nguyen. A copy of Dr. Nguyen's evaluation and recommendation for Plaintiff's work schedule along with email to Defendant communicating same have been attached hereto as **Exhibit "D" and "E"**.

13. The ongoing disruption of and deleterious impact on Plaintiff's routine and sleep cycle was so significant that she was forced to request and take additional FMLA leave on or about July 11, 2012, and September 21, 2012.

14. Defendant intentionally interfered with Plaintiff's exercise of rights provided under the FMLA by its sudden and arbitrary decision to alter her shift which had been in place for over a decade. Plaintiff suffered significant harm as a result of the unanticipated and substantial disruption to her normal routine and schedule.

## DAMAGES

15. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for which she should be compensated.

## JURY DEMAND

16. Plaintiff demands a jury trial as to all claims that may be tried to a jury.

## ATTORNEY FEES

17. Plaintiff is entitled to an award of attorney fees and costs under the FMLA.

## PRAYER

**WHEREFORE**, Plaintiff respectfully prays to this Court as follows:

A. For all compensatory and punitive damages with respect to the statutory claims in an amount being just;

B. For reasonable costs, including attorney's fees; and

C. For all other equitable and legal relief to which Plaintiff appears entitled.

Respectfully Submitted,

By: /s/ Brian T. Nguyen
Brian T. Nguyen
State Bar No. 2404652
Federal ID No. 931391
Mukul S. Kelkar
State Bar No. 24063682
Federal ID No. 1503770
NGUYEN & CHEN, LLP
11200 Westheimer Rd., Suite 120
Houston, Texas 77042
Telephone: (832) 767-0339
Fax: (832) 767-0669

**COUNSEL FOR PLAINTIFF,
HONGLINH HUYNH**