UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HONGLINH HUYNH, § | |
| § | |
| *Plaintiff*, § | |
| VS. § | CIVIL ACTION NO. 4:12-cv-3730 |
| § | |
| HARRIS HEALTH SYSTEMS a/k/a § | |
| HARRIS COUNTY HOSPITAL § | |
| DISTRICT, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM AND ORDER

Plaintiff, Honglinh Huynh, is a pharmacist who filed suit against her employer, Harris Health Systems a/k/a Harris County Hospital District ("Harris Health"). Huynh's complaint alleges that Harris Health violated her rights under the Family Medical Leave Act ("FMLA"). Dkt. 1. Harris Health filed a general denial and raised several affirmative defenses, including the defense of "governmental and sovereign immunity." Dkt. 5. The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). Dkt. 12.

Harris Health has now moved for summary judgment in its favor on Huynh's claims. Dkt. 15. Huynh has filed a response to that motion. Dkt. 16. The parties submitted oral argument on the motion to the Court.

After considering the pleadings, the record, and the arguments of counsel, the Court concludes that it lacks subject-matter jurisdiction and **ORDERS** this case be **DISMISSED without prejudice**.

1

## BACKGROUND

Huynh filed suit in this Court against Harris Health, alleging that she had been employed since 2002 by Harris Health as a full-time Staff Pharmacist at the Casa de Amigo Clinic. Dkt. 1. For the majority of her employment period, Huynh worked a shift that began at 8:15 or 8:30 am and ended at 5:00 or 5:30 pm. In May 2012, Huynh took FMLA leave, requesting the leave because of "[her] own health condition." Dkt. 1-1. Huynh returned to work in June 2012. After she returned to work, she was notified that she was being transferred to Lyndon B. Johnson Hospital and that her shift was being changed to 2:00 pm-10:00 pm. Huynh alleges that, as a result of this shift change, she experienced "physical and mental complications due to the disruption of her normal daily routine and sleep cycle." Huynh alleges that Harris Health "intentionally interfered with [her] exercise of rights provided under the FMLA by its sudden and arbitrary decision to alter her shift which had been in place for over a decade." Accordingly, she seeks compensatory and punitive damages as well as attorney's fees.

## STANDARD OF REVIEW

### A. Subject-Matter Jurisdiction

Neither side specifically raises the question of subject-matter jurisdiction. However, this Court may do so, *sua sponte*. *See Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) ("United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking."). The Court must dismiss this case if it finds that subject-matter jurisdiction is lacking.

FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Such a dismissal for subject matter jurisdiction is reviewed on appeal *de novo*. *Musslewhite v. State Bar of Texas*, 32 F.3d 942, 945 (5th Cir. 1994).

### B. The Eleventh Amendment

The Eleventh Amendment of the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.C.A. Const. Amend. XI. Thus, the Fifth Circuit has held that the Eleventh Amendment "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Such consent from a State must be clear and unequivocal. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Similarly, the Supreme Court has also required "an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'" *Id*. (citing *Quern v. Jordan*, 440 U.S. 332, 342, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979)). Further, "[i]t has long been settled that the reference to actions 'against one of the United States encompasses not only actions in which a State is actually named as a defendant, but also certain actions against state agents and state instrumentalities.'" *Regents of the University of California v. Doe*, 519 U.S. 425, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997).

## ANALYSIS

### A. The FMLA: Federal and State Law

The FMLA entitles an employee to take up to 12 work weeks of unpaid leave per year for (A) the care of a newborn child; (B) the adoption or foster-care placement of a child; (C) the care of a spouse, child, or parent with a serious medical condition; and (D) the employee's own serious health condition when the condition interferes with the employee's ability to perform at work. *See* 29 U.S.C. § 2612(a)(1).[1] Courts often refer to subparagraphs (A), (B), and (C) as "the family-care provisions," while subparagraph (D) is referred to as "the self-care provision." *See, e.g., Coleman v. Court of Appeals of Maryland*, ─U.S. ─, 132 S.Ct. 1327, 182 L.Ed.2d 296 (2012). Huynh's claims are "self-care claims" brought under subparagraph D.

The FMLA makes it unlawful for employers to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the Act and prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against any individual" for exercising their FMLA rights. 29 U.S.C. §§ 2615(a)(1), 2615(a)(2). Essentially, "employees returning from FMLA leave are entitled to be restored to their former position, or to a new position with equivalent benefits, pay, and other terms and conditions of employment." *University of Texas at El Paso v. Herrera*, 322 S.W.3d 192, 194 (Tex. 2010).

---

[1] In 2008, Congress added subsection (E), which permits leave for exigencies arising from a family member's service in the armed forces. *See* 29 U.S.C. § 2612(a)(1)(E).

The Texas Legislature has incorporated the FMLA leave provisions into Texas law for state employees. *See* TEX. GOV'T CODE § 661.912 (West 2012). Section 661.912 provides that "to the extent required by federal law, a [qualifying] state employee . . . is entitled to leave under the federal Family and Medical Leave Act of 1993 (28 U.S.C. Section 2601 et seq.)." *Id.*

### B. State Sovereign Immunity under the FMLA

The FMLA generally creates a private right of action for equitable relief and damages "against any employer (including a public agency) in any Federal or State court." *Id*. § 2617(a)(2). However, States and their subdivisions still retain immunity for some FMLA claims. In *Nevada Dept. of Human Resources v. Hibbs*, the Supreme Court held that States were not immune from suit for violations of subparagraph C of the FMLA. 538 U.S. 721, 730–732, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003). However, States do retain their sovereign immunity from suits related to subparagraph D "self-care" FMLA claims, such as Huynh's. *Coleman v. Court of Appeals of Maryland*, —U.S. — –, 132 S.Ct. 1327, 1332, 182 L.Ed.2d 296 (2012). The Supreme Court of Texas has reached a similar conclusion, finding that the Congress of the United States did not abrogate Texas' sovereign immunity against private suits for damages under the FMLA's self-care provision. *University of Texas at El Paso v. Herrera*, 322 S.W.3d 192, 201-202 (Tex. 2010) ("The State of Texas cannot be sued under the FMLA's self-care provision.").

5

### C. Sovereign Immunity Deprives this Court of Subject-Matter Jurisdiction

In her briefing and at the summary judgment hearing, Huynh conceded that Harris Health Systems was a political subdivision of the State of Texas and that the United States Congress had not abrogated Texas' sovereign immunity from suit for violations of the FMLA's self-care provision. Nonetheless, Huynh's briefing contends that Texas *itself* had waived its immunity under the FMLA by enacting Texas Government Code Section 661.912. *See* Plaintiff's Response to Defendant's Motion for Summary Judgment, Dkt. # 17, pg. 3 ("[T]he State of Texas has expressly waived its governmental immunity from suit under the FMLA, and Defendant's claim of such immunity must therefore be denied.").

At the summary judgment hearing, the Court raised the issue of its own jurisdiction and asked counsel to address whether Huynh's FMLA claims were barred by sovereign immunity. Huynh's counsel initially set out her argument regarding Section 661.912, but then, however, subsequently admitted, "To be perfectly candid with the Court, . . . the Supreme Court of Texas has pretty much said explicitly that, in Texas you can't sue the State for an FMLA claim. So, if this Court were to rule otherwise, I think it would be the first time, essentially. There's no case that I've been able to find that has held anything otherwise."

Indeed, as conceded, Huynh's argument that Section 661.912 abrogated Texas' sovereign immunity under the FMLA has been considered, and soundly rejected, by other federal courts. In *Swanson v. Railroad Commission of Texas*, United States District Judge Janis Graham Jack found that Section 661.912 "merely recogniz[ed] employee's

6

rights under federal law to take FMLA leave" and was not a valid waiver of immunity. No. C–11–80, 2011 WL 2039601, *6 (S.D. Tex., May 24, 2011) ("Section 661.912 does not expressly state or even imply that Texas consents to suits for violations of the FMLA, or in any manner waives its immunity. The only implication to be drawn from the text of the statute is that certain state employees are entitled to FMLA leave."). Similarly, in *Jordon v. Texas Department of Aging and Disabilities Services*, United States District Court Judge Ron Clark stated, "There is no unequivocal indication in [Section 661.912] that [Texas] has waived any immunity from suit under the FMLA, much less that it has expressly intended to subject itself to suit in federal court." *Jordon v. Texas Dept. of Aging and Disabilities Services*, No. 9:05CV161, 2006 WL 1804619, 5 (E.D. Tex., June 28, 2006).

Accordingly, this Court finds it lacks subject-matter jurisdiction over Huynh's FMLA claims against Harris Health. *See, e.g., Jackson v. Texas Southern University*, No. H–11–4092, 2014 WL 496653, *15 (S.D. Tex., February 3, 2014) ("Plaintiff's complaint refers to the FMLA regarding her medical leave, but a FMLA claim against TSU as an arm of the State is barred by the Eleventh Amendment."); *Bullard v. Texas Department of Aging & Disability Services*, No. 6:12cv919, 2013 WL 6513752, *4 (E.D. Tex. December 12, 2013) ("Defendants are entitled to Eleventh Amendment immunity from Plaintiff's FMLA [self-care] claim. This claim should be dismissed for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(1)."); *Taylor v. Texas Southern University*, No. 4:12-CV–01975, 2013 WL 3157529, *5 (S.D. Tex., June 20, 2013) ("[T]he Court grants

Defendant's Motion to Dismiss, finding that it does not have jurisdiction over Plaintiff's FMLA self-care claim.").

## CONCLUSION

After a review of the pleadings and the record on file, as well as the briefing and argument presented by counsel, this Court concludes that it lacks subject-matter jurisdiction over this case. Accordingly, this Court **ORDERS** that the case be **DISMISSED without prejudice**.

**SIGNED** at Houston, Texas on April 8, 2014.

_____
**GEORGE C. HANKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**